572 A.2d 163

**Larry LOFLAND**

v.

**MONTGOMERY COUNTY, Maryland et al.**

**No. 105, Sept. Term, 1989.**

Court of Appeals of Maryland.

April 16, 1990.

John B. Walsh, Jr. (Chen, Walsh & Tecler, on brief), Rockville, for petitioner.

Karen L. Federman Henry, Associate County Atty. (Clyde H. Sorrell, County Atty., Linda D. Berk, Sr. Asst. County Atty., on brief), Rockville, for respondents.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, ADKINS and CHASANOW, JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland, (retired), Specially Assigned.

MURPHY, Chief Judge.

This case involves an appeal from a county administrative agency decision which denied a fire fighter/paramedic employee's claim of entitlement to an administrative hearing regarding a grievance over salary benefits.

## I.

Larry Lofland was employed by Montgomery County as a fire fighter/paramedic with the Wheaton Volunteer Rescue Squad from December 30, 1985 through May 10, 1987, when he transferred to the Gaithersburg–Washington Grove Volunteer Fire Department. At the time of Lofland's employment, and until August 25, 1987, the Montgomery County Fire and Rescue Commission maintained a policy that, upon satisfactory completion of one year of probationary service, a fire fighter/paramedic would be eligible for a 10 percent pay differential if more than 50 percent of the employee's time was devoted to paramedic duties. Lofland satisfied this condition throughout his employment period, but did not receive the pay differential.

On August 25, 1987, the Montgomery County Merit System Protection Board (the Board) awarded another fire fighter/paramedic the 10 percent pay differential for work performed during his probationary period at the Wheaton Volunteer Rescue Squad (Appeal of H. Isbell). The Board "noted that the County had established the one year of service requirement prior to paying the differential, but also noted that accrediting of such individuals is a State function." In its decision, the Board stated that "the basis for a pay differential must be based on competence and proficiency, as measured by State certification, and not solely on longevity."

Isbell was a state certified paramedic when he was hired on March 3, 1986. Thereafter he spent seventy-four percent of his time serving as a paramedic. Isbell filed his grievance on April 9, 1987. On April 15, 1987, his department chief advised him that he would be paid the paramedic

differential retroactive to March 15, 1987, and that was done. In its August 25, 1987, decision in *Isbell*, the Board ordered that the grievant be paid the differential retroactively for the period March 3, 1986, to March 15, 1987. In the matter now before us, the Board identified August 25, 1987, as the date "when this Board voided the policy ... that an individual had to have one year of service ... before being eligible for the 10% Paramedic pay differential."

After learning of the Board's decision, Lofland filed a grievance on October 7, 1987 with the county's personnel director. He complained that he had not been paid the pay differential during his entire period of employment from December 30, 1985 to May 10, 1987, covering the 12 months of his probation and the following five months.

The personnel director concluded that Lofland's grievance was not timely filed, as required by the grievance procedures promulgated by the County Fire and Rescue Commission; that procedure specifies that an employee must submit a written grievance "within 20 calendar days from the date of occurrence of the grievance or knowledge of the same." Applying this provision, the personnel director determined that Lofland's grievance had to be filed within 20 days of his discovery that he had not received the increase in his paycheck, or at the latest, within 20 days of his last day of employment in May, 1987. Thereafter, Lofland appealed to the Board and requested a hearing. The Board denied Lofland's request. On January 26, 1988, it affirmed the decision of the personnel director that the grievance was untimely.

On February 22, 1988 Lofland appealed to the Circuit Court for Montgomery County. He asserted that the Board's decision was erroneous and that it erred in denying him a hearing. The court (McAuliffe, James S., Jr., J.) said the issue was whether a reasonable person should "be expected to file a grievance for compensation when a regulation clearly precludes such compensation or should that expectation arise once the regulation changes thereby permitting such compensation if deemed appropriate." The

court found that the expectation should arise once the regulation was changed. Because it found that the August 25, 1987 decision of the Board in the Isbell matter revised its interpretation of entitlement to the pay differential, the court said that Lofland could not, before that time, reasonably have known of his potential grievance. The court remanded the case to the Board with instructions to conduct a factual hearing "to determine ... whether prior to the filing of the grievance more than twenty days had elapsed after [Lofland] reasonably had knowledge of the existence of his claimed grievance"; and if the Board determined that Lofland's grievance was timely filed, that it conduct additional proceedings to consider his claim of entitlement to the salary differential.

On September 20, 1988 the County appealed to the Court of Special Appeals. That court, in an unreported opinion, reversed the circuit court on the ground that it erred in using the August 25, 1987 filing date of the Board decision to measure the commencement date of the 20–day limitation period because that decision was never promulgated as a broad policy, nor was it intended to be applied retroactively. The Court of Special Appeals held that Lofland's grievance was untimely because the latest date from which the 20–day limitation period could operate was his May 10, 1987 date of transfer from the Wheaton Volunteer Rescue Squad. It said that Lofland had a legitimate grievance each time he received a paycheck without the differential. Moreover, it concluded that there was a substantial basis for the Board's decision, and noted that it was within the discretion of the agency whether to conduct a hearing. We granted certiorari upon Lofland's petition to resolve the important issue raised in the case.

## II.

Chapter 21 of the Montgomery County Code (1984) establishes a framework of rules and regulations for the management of fire and rescue services, including matters of personnel administration. Section 21–4B and 4–M(a)(1) es-

tablish a County Fire and Rescue Commission which is charged with various administrative duties, including "[u]niform administration and application of personnel regulations and policies." In April of 1981, the Commission adopted guidelines for its merit system policy and general procedures; they were designed as a working guide for administrators and supervisory staff in daily management of their responsibilities. These guidelines are set out in *Personnel Regulations for Fire and Rescue Service Merit System Employees of the Independent Fire and Rescue Corporations of Montgomery County.* Section 22 of these regulations outlines procedures for presenting employee grievances. Section 22.2 defines a grievance as

> a formal written complaint by an employee arising out of a misunderstanding or disagreement between a Fire and Rescue Corporations' merit system employee and supervisor, which expresses the employee's dissatisfaction concerning a term or condition of employment or treatment by management, supervisors, or other employees. A grievance may be filed if an employee believes he/she has been adversely affected by an alleged:
>
> * * * * * *
>
> (d) Improper, inequitable or unfair application of the Fire and Rescue Corporations' compensation policy and employee benefits, which may include salary, pay differentials, awards, overtime pay, leave, insurance, retirement and holidays.

Section 22.3 of the personnel regulations mandates that the Chief Administrative Officer, "after consultation with the Fire and Rescue Commission," shall establish procedures for processing grievances, including "[s]pecific and reasonable time limits for each level of review and/or step in the process." Procedures for appealing to the Merit System Protection Board are also provided. Pursuant to § 22.3 of the Personnel Regulations, Administrative Procedure No. 7-3 was enacted, effective April 12, 1984. Section 4.8 of this Administrative Procedure generally governs filing time limitations:

Any grievance not filed or appealed within the time limits specified herein shall be considered settled on the basis of the last disposition. The time limits specified in this procedure may be extended by mutual agreement of the parties or by the Personnel Office for compelling reasons, e.g., workload requirements.

As earlier stated, § 5.0 of the Administrative Procedure states that an employee may submit "a formal written grievance on the appropriate form within 20 calendar days from the date of occurrence of the grievance or knowledge of the same."

These administrative and procedural regulations enjoy a presumption of validity as they appear to emanate from a proper delegation of power from the Montgomery County Council, and are reasonably necessary for the presentation and processing of employee grievances. *See generally, Sullivan v. Bd. of License Comm'rs,* 293 Md. 113, 121–23, 442 A.2d 558 (1982) (upholding broad delegations of legislative power to administrative agencies); *Comptroller v. Rockhill, Inc.,* 205 Md. 226, 233, 107 A.2d 93 (1954) ("rules and regulations adopted by an administrative agency, to be valid, must be reasonable and consistent with the letter and policy of the statute under which the agency acts").

### III.

In determining whether the Board erred in refusing to hold a hearing on the timeliness of Lofland's grievance, § 33–15(b) of the County Code requires that the scope of appellate review be the same as that provided by the Maryland Administrative Procedure Act, Maryland Code (1984 Repl.Vol.), § 10–215(g)(3) of the State Government Article. That section empowers the reviewing court to:

reverse or modify the decision if any substantial right of the petitioner may have been prejudiced because a finding, conclusion, or decision of the agency:

(i) is unconstitutional;

(ii) exceeds the statutory authority or jurisdiction of the agency;

(iii) results from an unlawful procedure;

(iv) is affected by any other error of law;

(v) is unsupported by competent, material, and substantial evidence in light of the entire record as submitted; or

(vi) is arbitrary or capricious.

The circuit court properly noted that under these standards the reviewing court always retains the power to determine whether the administrative agency made an error of law. *See, e.g., State Election Bd. v. Billhimer,* 314 Md. 46, 59, 548 A.2d 819 (1988); *Board of Educ., Mont. Co. v. Paynter,* 303 Md. 22, 35, 491 A.2d 1186 (1985).

The 20–day time limitation on filing a grievance in this case presents several possibilities as to when the period begins to run—one is the date of the "occurrence," and the other, "knowledge" of the occurrence. While it may be that a "grievance" occurred each time the pay differential was not included in Lofland's periodic paychecks, at least after the probationary period had expired, it is unclear when Lofland should reasonably have had knowledge of his grievance. For example, the record does not disclose whether or when Lofland should reasonably have known of an automatic entitlement under the Commission's policy [1] or whether

---

1. The only specific reference to the policy in this case is in the Appendix of the Personnel Regulations:

(c) *Educational and Special Pay Differentials.* Whenever deemed necessary in the best interest of the Fire and Rescue Service, the Fire and Rescue Commission may establish an educational pay differential program for any occupational category of Fire and Rescue Corporations employees. It may also authorize pay differentials for any extra hazardous or very specialized position.

(1) Special pay differentials shall be paid to employees assigned as fire technicians, EMS technicians, paramedics and station commanders. This pay differential shall only be paid to the employee during the period in which the employee is assigned to this position, provided that the position is authorized in the corporation's budget....

the lack of differential pay increases in his paycheck was itself sufficient reasonably to charge him with knowledge of the occurrence of a grievable event. Of course, the latter cannot exist without the former; but, with regard to both, the agency made no factual findings. Not until evidence is adduced bearing on these questions can an adequate legal determination be made as to when Lofland reasonably should have known he had a right to file a grievance on a claim for additional compensation entitlements. We hold that in these circumstances Lofland was, as a matter of law, entitled to an evidentiary hearing. We thus agree with the trial judge that the Board should conduct a factual hearing; and if it finds that Lofland's grievance was timely filed, that the merits of Lofland's claim for payment of the salary differential for fire fighter/paramedic employees be considered by the appropriate authority.

JUDGMENT REVERSED; CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT TO BE PAID BY MONTGOMERY COUNTY, MARYLAND.